

Mohamed H. Makhail
Partner

T. 973-639-2092
F. 973-206-3794

mmakhail@mccarter.com

McCarter & English, LLP

Four Gateway Center
100 Mulberry Street
Newark, NJ 07102-4056

www.mccarter.com

March 13, 2026

**VIA ECF**

Hon. José R. Almonte, U.S.M.J
United States District Court for the District of New Jersey
Frank R. Lautenberg U.S. Post Office & Courthouse Building
2 Federal Square
Newark, New Jersey 07102

Re: *Novartis AG, et al. v. Novadoz Pharmaceuticals, LLC, et al.*
    Civil Action No.: 25-849 (EP) (JRA)

Dear Judge Almonte:

Pursuant to the Court's February 27, 2026 Order (ECF No. 82), plaintiffs Novartis AG and Novartis Pharmaceuticals Corporation (together, "Novartis" or "Plaintiffs") and defendants Novadoz Pharmaceuticals LLC, MSN Pharmaceuticals Inc., and MSN Laboratories Private Limited (together "MSN" or "Defendants", and collectively with Plaintiffs, the "Parties") respectfully submit this joint letter to update the Court on the status of the issues that will be the subject of the upcoming discovery dispute hearing scheduled for March 20, 2026.

As set forth in greater detail below, despite the Parties' efforts, the disputes pending before the Court remain unresolved.

**Novartis's Position:**

*Disputes Raised by MSN:*

The parties remain at an impasse regarding all issues Defendants raise in the joint status letter filed on February 9, 2026 (ECF No. 75; the "February 9th Letter").

*Disputes Raised by Novartis:*

The parties also remain at an impasse regarding all issues that Plaintiffs raise in the joint status letter filed on February 24, 2026 (ECF No. 79; the "February 24th Letter"). There are a few relevant updates concerning the disputes described in the February 24th Letter, which are set forth below.

*Dispute No. 1 (Sufficiency of MSN's Document Production Efforts).* Regarding Dispute No. 1 (ECF No. 79, pp. 3–6)—which concerns the date by which MSN must complete substantial production of documents and whether that production must contain, at a minimum, documents responsive to the search strings MSN sent to Novartis on Jan. 15, 2026—MSN has made only one additional production of documents since the February 24th Letter was filed. That production, made on February 27, 2026, consisted of only 26 additional documents.

Novartis disputes MSN's claim that its production is substantially complete. In the February 24th Letter, Novartis requested that MSN be required to use the search terms it proposed on January 15, 2026. Novartis understands that MSN still has not run two of the search strings it proposed on that date, including MSN's only string related to the design of the MSN Drug. Moreover, the parties still have a number of disputes regarding MSN's deficient search string proposals. Novartis will not burden the Court with premature disputes but does anticipate requiring Court intervention on this issue.

The substance of MSN's "substantially complete" production reflects MSN's ongoing failure to meet its discovery obligations. Of the 1,222 documents MSN has produced, 668 consist of the Abbreviated New Drug Application submitted to the FDA, and another 119 are slipsheets for non-responsive attachments. Critically, MSN has further failed to make a meaningful production of documents central to this dispute, including (but not limited to) those (i) evidencing internal decision-making about the design of the MSN Drug; (ii) discussing consideration of alternative colors, shapes, or sizes for the MSN Drug; (iii) concerning the effect that changing the appearance of the MSN drug's appearance would have on the tablets' clinical efficacy; (iv) concerning research, tests, or studies relating to consumer perception of the MSN drug's appearance; and (v) concerning any actual, likely, or potential confusion.

*Dispute No. 2 (Document Custodians).* As to Dispute No. 2 (ECF No. 79, pp. 6–9)—which concerns the appropriateness and completeness of MSN's selected document custodians—Novartis continues to request that MSN (1) add custodians personally engaged in designing and formulating the MSN Drug, and (2) add Kondal Reddy Bairy, VP Global IP, MSN Pharma, as a custodian.

At the time the February 24th Letter was filed, MSN had produced 66 custodial documents from Ravikumar Nithiyanandam, MSN's only custodian on requests regarding the design and development of the MSN Drug. Following its most recent production, the number of custodial documents from Mr. Nithiyanandam increased by 16 documents, but this handful of additional documents did nothing to demonstrate Mr. Nithiyanandam's active involvement in the MSN Drug's development. Instead, this small volume of documents reinforces that Mr. Nithiyanandam is not an appropriate custodian for documents reflecting internal decision making by MSN regarding the design and development of its drug. The scope of MSN's production coupled with its assertion that its production is "substantially complete"—which MSN made for the first time today—only underscores why their custodian selection is insufficient. The credibility of MSN's assertions that no documents exist on core issues related to the design of the MSN Drug is undermined by its refusal to search the files of custodians involved in day-to-day decisions and production of the MSN Drug.

*Dispute No. 3 (RFPs Concerning Quality of the MSN Drug).* Relevant to Dispute No. 3 (ECF No. 79, pp. 9–10)—concerning whether MSN must produce documents responsive to Novartis's RFP Nos. 27 and 28, which Novartis has narrowed to seek only documents concerning quality issues with the MSN Drug—MSN's production of 26 documents did not include any documents related to quality issues with the MSN Drug (despite MSN's agreement to produce documents sufficient to show quality issues and failure to produce any such documents to date). Novartis continues to dispute MSN's refusal to produce all documents related to quality issues with the MSN Drug for the reasons set forth in the February 24th Letter.

Accordingly, despite the Parties' efforts to meet and confer, all issues previously identified for the conference remain in dispute.

In its position below, MSN prematurely raises two disputes on which the parties have not yet met and conferred, in violation of Rule 5(a) of this Court's Individual Rules. MSN first raises a dispute as to the number of RFAs Novartis served—a dispute it brought to Novartis's attention yesterday afternoon. Novartis contends that its RFAs—which relate to core issues in this case and are designed to streamline discovery—are appropriate. However, as noted earlier, this dispute has just been raised, and the Parties will engage in the usual meet-and-confer process. After the Parties have completed that process, if a dispute remains, Novartis reserves the right to raise it to the Court's attention. In addition, without identifying any deficiencies in Novartis's document production, MSN demands that Novartis add a custodian for documents related to the design of ENTRESTO®. MSN's inclusion of that dispute in this letter is premature, just as its inclusion of that dispute in the Parties' February 24th Letter was premature. By email on February 25, 2026, Novartis provided its initial position on this particular dispute, and by email on March 6, 2026, Novartis provided a response to MSN's follow-up questions and offered to meet and confer with MSN to the extent its response did not resolve the dispute. Although it sent an email communicating its dissatisfaction with Novartis's response, MSN did not take Novartis up on its offer to meet and confer. Novartis remains willing to meet and confer with MSN in good faith, pursuant to the processes set forth in Rule 5(a) of the Court's Individual Rules.

**MSN's Position:**

*Disputes Raised by MSN*

In the February 9th Letter, MSN raised six disputes concerning Novartis's discovery obligations, all of which remain unresolved. Novartis has not produced any of the requested documents or otherwise indicated to MSN that it has changed its position on any of those issues.

Further, since February 9, additional disputes have arisen regarding which MSN may ultimately need to seek the Court's intervention if the parties are unable to reach resolution after continuing to confer. These include at least the following:

- On March 11, Novartis served a facially overbroad and unreasonable set of ***201*** requests for admission, including such busywork as a request that MSN "[a]dmit that the first four letters of 'NOVADOZ' (N-O-V-A) are identical to the first four letters of 'NOVARTIS.'" MSN has asked Novartis to withdraw the requests and replace them with a substantially narrowed set not to exceed 100 requests; Novartis has yet to respond.

- As previewed in the February 24th Letter, *see* ECF No. 79 at 5–6, Novartis has refused to search the files of one of the four individuals Novartis belatedly identified as the "key" individuals responsible for the alleged trade dress Novartis seeks to assert. Novartis has yet to respond to MSN's request that it explain what steps it has taken to confirm that this key individual has no non-duplicative relevant documents.

*Disputes Raised by Novartis*

MSN has met, and continues to meet, its discovery obligations in good faith, and there is no need for Court intervention on any of these disputes.

*Dispute No. 1 (Document Production Timeline).* As MSN explained in the February 24th Letter, there was never a need for Court intervention on this dispute. That remains true today: MSN substantially completed its production of the documents for which Novartis requested a deadline two weeks ago. MSN is currently "QC-ing" the documents it withheld as nonresponsive and is reviewing documents captured by additional search terms on which the parties only recently reached agreement, but does not believe that a significant number of documents remain to be produced.

Novartis's laundry list of categories of documents it claims MSN has "failed" to produce is nothing more than wish fulfillment about documents that do not exist.[1] The reason many of these issues are sparsely documented is straightforward: in designing the MSN Drug, MSN's team simply followed MSN's standard practice and regulatory guidelines, as Ravikumar Nithiyanandam attested in his declaration opposing Novartis's preliminary injunction motion. ECF No. 13-7 ¶¶ 10, 13. There was no extensive internal deliberation or elaborate consumer perception testing about alternative colors, shapes, or sizes. And MSN has produced no documents "concerning any actual, likely, or potential confusion" because MSN (like Novartis) has no knowledge of any such confusion. The lack of voluminous internal documents on these subjects reflects the weakness of Novartis's claims, not a discovery failure.

*Dispute No. 2 (Document Custodians).* MSN maintains that its selected custodians are sufficient and appropriate for the reasons set forth in the February 24th Letter. ECF No. 79 at 8–9.

In a good-faith effort to address Novartis's concerns about Mr. Nithiyanandam's sufficiency and appropriateness as a custodian, MSN recently re-interviewed Mr. Nithiyanandam to assess whether other custodians "with direct design involvement" would have significant non-duplicative relevant documents. That interview confirmed what MSN's earlier investigation had already established: Mr. Nithiyanandam supervised the design and formulation of the MSN Drug on a day-to-day basis and would have been copied on substantially all relevant email communications. Mr. Nithiyanandam further confirmed that (consistent with MSN's general practice) the team's substantive discussions took place orally during in-person meetings, with correspondingly limited email traffic. As noted above, the design process itself was straightforward given that the team simply followed MSN's standard practice and FDA guidelines, as Mr. Nithiyanandam attested. ECF No. 13-7 ¶¶ 10, 13. Accordingly, Mr. Nithiyanandam remains the best custodian for documents in this category, and adding another custodian is unnecessary and not proportional to the needs of the case.

As to Mr. Reddy Bairy, MSN explained in the February 24th Letter that it was prepared to confirm his lack of relevant documents through a limited document collection and review, but Novartis refused to propose parameters for such a collection. *See* ECF No. 79 at 9. Notwithstanding Novartis's lack of cooperation, MSN has collected a sample of Mr. Reddy Bairy's

---

[1] By contrast, Novartis continues to delay producing such key documents as its filings seeking FDA approval for Entresto and its settlement agreements with third-party generic manufacturers.

documents and is in the process of reviewing them to determine whether they contain responsive, non-duplicative materials. MSN will be prepared to provide a further update at the March 20 conference.

*Dispute No. 3 (Quality Issues).* MSN maintains its position as set forth in the February 24th Letter. ECF No. 79 at 10. MSN will complete its production of documents sufficient to show quality issues with the MSN Drug before the March 20 conference. It continues to be the case that Novartis has put forward no basis to insist that it is entitled to *all* documents concerning this issue.

The Parties thank the Court for its attention to this matter.

Respectfully submitted,

By: /s/ Mark M. Makhail

Cynthia Stencel Betz
Mark M. Makhail
**McCarter & English, LLP**
4 Gateway Center
100 Mulberry Street
Newark, NJ 07102
Telephone: (973) 639-2092
cbetz@mccarter.com
mmakhail@mccarter.com

Megan K. Bannigan
Kathryn C. Saba
Anna Rennich
**Debevoise & Plimpton**
66 Hudson Boulevard
New York, NY 10001
Telephone: (212) 909-6000
mkbannigan@debevoise.com
ksaba@debevoise.com
amrennich@debevoise.com

*Attorneys for Plaintiffs Novartis AG and Novartis Pharmaceuticals Corporation*

By: /s/ Rebekah R. Conroy

Rebekah R. Conroy
**Stone Conroy LLC**
25A Hanover Road, Suite 301
Florham Park, NJ
Telephone: (973) 498-0070
rconroy@stoneconroy.com

Ron Daignault
Richard Juang
**Daignault Iyer LLP**
8229 Boone Boulevard, Suite 450
Vienna, VA 22182
Telephone: (917) 838-9795
rdaignault@daignaultiyer.com
rjuang@daignaultiyer.com

Gianni P. Servodidio
Rémi Jaffré
Jacquellena T. Carrero
**Jenner & Block LLP**
1155 Avenue of the Americas
New York, NY 10036
Telephone: (212) 891-1620
gservodidio@jenner.com
rjaffre@jenner.com
jcarrero@jenner.com

*Attorneys for Defendants Novadoz Pharmaceuticals LLC, MSN Pharmaceuticals Inc., and MSN Laboratories Private Limited*

ME1\60298332.v1