**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NOVARTIS AG, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>NOVADOZ PHARMACEUTICALS LLC, et al.,<br><br>Defendants. | Civil Action No.<br><br>25-cv-00849 (EP) (JRA)<br><br>**OPINION AND ORDER** |

**<u>José R. Almonte, U.S.M.J.</u>**

Defendants MSN Pharmaceuticals Inc., MSN Laboratories Private Limited, and Novadoz Pharmaceuticals LLC (collectively "Defendants") move to compel Plaintiffs Novartis AG and Novartis Pharmaceuticals Corporation (collectively "Plaintiffs") "to produce non-privileged documents responsive to [Defendants'] Request for Production . . . No. 34—'[a]ll Documents referring or relating to [Plaintiffs'] decision to file this Action against [Defendants].'"[1] Dkt. No. 89 at 1 ("the Motion"). Plaintiffs oppose the Motion. Dkt. No. 90. The Court has considered the Motion on the papers and decides it without oral argument. *See* Fed. R. Civ. P. 78(b); L.Civ.R. 78.1(b). For reasons explained below, the Motion is **DENIED WITHOUT PREJUDICE**.

[1] The Court assumes the parties' familiarity with the facts of this case; therefore, the Court will not provide a detailed background and procedural history of this matter. Although technically not filed as a motion, the parties' submissions are sufficient for the Court to construe it as one.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

For brief background, Plaintiffs filed this action based on Defendants' anticipated launch of a generic version of Plaintiffs' ENTRESTO® heart failure medication that Plaintiffs allege is nearly identical in appearance to ENTRESTO® and will be sold under Defendant Novadoz Pharmaceuticals' trademark. Compl. ¶¶ 1–10, Dkt. No. 1. Plaintiffs brought claims against Defendants for trademark infringement, trade dress infringement, and unfair competition. *Id.* Plaintiffs' lawsuit is aimed at preventing "consumer and reputational harm" and preventing Defendants from "creating consumer confusion and harming the goodwill of the NOVARTIS trademark and the trade dresses of the ENTRESTO® tablets." *Id.* ¶ 10.

The instant Motion centers around Defendants' request for Plaintiffs to produce non-privileged discovery related to Plaintiffs' subjective motivations for filing this action. Dkt. No. 89 at 1. Defendants claim that this information is relevant, but Plaintiffs vehemently disagree.

## II. LEGAL STANDARD

Courts evaluate discovery disputes under the purview of Rule 26 of the Federal Rules of Civil Procedure. Rule 26(b)(1) permits parties to seek discovery concerning "any nonprivileged matter that is relevant to any party's claim or defense" and that is "proportional to the needs of the case, considering . . . the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The movant—here, Defendants—bears the burden of demonstrating that the information sought is

relevant. *Columbus Life Ins. Co. v. Wilmington Tr., N.A.*, 344 F.R.D. 207, 215 (D.N.J. 2023) (citation omitted). Further, "[a]lthough the scope of discovery under the Federal Rules is unquestionably broad, this right is not unlimited and may be circumscribed." *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999) (citation omitted). Once the party seeking discovery demonstrates the relevance of the requested information, the opposing party must "show why discovery should not be permitted." *Cordero v. Warren*, No. 12-cv-2136, 2016 WL 8199305, at *2 (D.N.J. Oct. 4, 2016) (citation modified), *aff'd*, 2017 WL 2367049 (D.N.J. May 31, 2017).

This Court maintains broad discretion to resolve discovery issues. *See Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987). On motion or on its own, the Court must limit the frequency or extent of discovery otherwise allowed if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the [general] scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C); *see also Goodman v. Burlington Coat Factory Warehouse Corp.*, 292 F.R.D. 230, 232 (D.N.J. 2013) (citations omitted) (observing that Rule 26's proportionality standard permits the Court to guard against discovery into otherwise proper subjects of inquiry).

## III. DISCUSSION

Defendants served on Plaintiffs Request for Production No. 34, asking Plaintiffs to produce "[a]ll Documents referring or relating to [Plaintiffs'] decision to file this Action against [Defendants]." Dkt. No. 89 at 1. Defendants advance two relevance arguments to support their request: (1) that it is relevant to their laches defense; and (2) that it is relevant to their "potential" claim for attorneys' fees under the Lanham Act. *Id.* at 2–3. The Court will address each argument in turn.

### A. Laches Defense

Defendants argue first that Plaintiffs' "decision to file suit is relevant to [Defendants'] laches defense." *Id.* at 2. The Court disagrees. Laches is an equitable principle. When a claim lacks a specific statute of limitations, such as claims arising under the Lanham Act, courts look to the laches defense to determine whether the claim should be time-barred. *See Kars 4 Kids Inc. v. Am. Can!*, 98 F.4th 436, 443–44 (3d Cir. 2024) [hereinafter "*Kars 4 Kids II*"]. To determine whether laches bars a Lanham Act claim, courts consider two elements: "(1) whether the plaintiff inexcusably delayed in bringing suit, and (2) whether the defendant was prejudiced as a result of the delay." *Id.* (citing *Santana Prods., Inc. v. Bobrick Washroom Equip., Inc.*, 401 F.3d 123, 138 (3d Cir. 2005)). Courts determine which party bears the burden of proof for a laches claim "by identifying 'the most analogous statute of limitation as a guideline,' and then determining whether that period has expired."[2] *Id.* at 444

[2] The Court reads Defendants' submission as a concession that they have the burden of proving their laches defense, as neither party addresses whether the statute of limitations has expired. This is important because when evaluating laches defenses in the context of the Lanham Act, courts must first assess whether the most analogous statute of limitation period has expired. *Kars 4 Kids II*, 98

(quoting *Santana Prods.*, 401 F.3d at 135). If that period has expired, the burden shifts to the plaintiff, and the Lanham Act claims are barred unless the plaintiff establishes that: (1) its delay in suing was excusable; and (2) the delay did not prejudice the defendant. *Id.* (citation omitted).

Courts analogize Lanham Act claims to New Jersey's fraud statute and, therefore, apply a six-year statute of limitations. *See Kars 4 Kids Inc. v. Am. Can!*, 8 F.4th 209, 221 (3d Cir. 2021) [hereinafter "*Kars 4 Kids I*"] (quoting *Kaufhold v. Caiafa*, 872 F. Supp. 2d 374, 379 (D.N.J. 2012)). The laches clock begins to run when a plaintiff "knows or should know about the existence of a provable claim." *DeWulf v. Blatt Billiard Corp.*, No. 22-cv-04851, 2023 WL 3199192, at *6 (D.N.J. May 2, 2023); *see also Kars 4 Kids I*, 8 F.4th at 221. In other words, courts "examine delay based upon whether a reasonable person in the [plaintiff's] shoes would have waited to file suit." *Kars 4 Kids I*, 8 F.4th at 222 (citing *Claussen v. Mene Grande Oil Co.*, 275 F.2d 108, 111 (3d Cir. 1960)).

With this legal framework in mind, the Court considers the parties' arguments. Defendants argue that discovery related to Plaintiffs' motivations bears upon the "excusable delay" element of their laches defense. Dkt. No. 89 at 3. "Motivation" is

---

F.4th at 444 (citation modified). "If so, the defendant enjoys the benefit of a presumption of inexcusable delay and prejudice, and *the plaintiff* carrie[s] the burden of proving that its delay was excusable and that [the delay] did not prejudice [the defendant]." *Id.* (emphasis added) (citation modified). As such, should Defendants prove the action was filed outside of the statute of limitations, the presumption of laches would apply, and, therefore, they would have "no obligation to establish anything." *Id.* at 445. Instead, it would be Plaintiffs' burden to prove the delay was excusable. *Id.* at 444 (citing *Univ. of Pittsburgh v. Champion Prods. Inc.*, 686 F.2d 1040, 1044 (3d Cir. 1982)); *see Churma v. U.S. Steel Corp.*, 514 F.2d 589, 593 (3d Cir. 1975) (noting that "the allocation of the burden depends on whether the statute of limitations has run" as "[p]rior to the running of the statute, the defendant has to prove laches, but thereafter the plaintiff has to disprove laches."). This issue is not before the Court, and the Court finds it may ultimately render its decision despite this unaddressed inquiry.

geared toward answering one question: *Why* did Plaintiffs sue? As the Third Circuit explained in *Kars 4 Kids II*, the answers to two questions determine whether a plaintiff can rebut the presumption of inexcusable delay: *What* did the plaintiff know, and *what* did the plaintiff do? 98 F.4th at 445. The first question—what did plaintiff know?—is important because "[a] plaintiff is not obligated to sue until it knows or should know that the defendant's conduct constitutes trademark infringement." *Kars 4 Kids I*, 8 F.4th at 221 (collecting cases). Defendants' Request for Production No. 34 does not ask that question. "The second question to consider when assessing the delay prong of laches is what [the plaintiff] did to identify and stop any potentially infringing behavior." *Kars 4 Kids II*, 98 F.4th at 446. Whether any of Plaintiffs' individual decision makers possessed additional strategic, competitive, or business motivations for filing suit at a particular time does not meaningfully advance that inquiry. Thus, Defendants' Request for Production No. 34 is also irrelevant to the second question under *Kars 4 Kids II*.

The Court acknowledges that Defendants have identified several out-of-circuit decisions recognizing that motive evidence may, in unusual circumstances, bear upon equitable defenses. Dkt. No. 89 at 2–3. Those decisions are unavailing. First, none of Defendants' cited cases are controlling, as "[a] decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same [district] judge in a different case." *Daubert v. NRA Grp., LLC*, 861 F.3d 382, 395 (3d Cir. 2017) (second alteration in original) (quoting *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011)). And second, the cases on which

Defendants rely are distinguishable, as they arose in materially different procedural and factual settings. *See Stone Brewing Co., LLC v. Millercoors LLC*, No. 18-cv-331, 2021 WL 63139, at *4 (S.D. Cal. Jan. 7, 2021) (denying motion *in limine* to bar the defendant from introducing evidence regarding "speculative theories" of the plaintiff's motivation for filing a suit, but emphasizing that the court is "loath to allow this case to be engulfed in a sideshow of whether this litigation is a marketing ploy" and allowing the plaintiff to raise appropriate objection at trial if the defendant could not establish a basis for relevancy); *Amdocs (Israel) Ltd. v. Openet Telecom, Inc.*, No. 10-cv-910, 2012 WL 12832376, at *1–2 (E.D. Va. Mar. 30, 2012) (addressing in a motion *in limine* whether defendant may argue motivation to the court as part of defendant's laches defense); *Ill. Tool Works, Inc. v. MOC Prods. Co., Inc.*, 946 F. Supp. 2d 1042, 1047–48 (S.D. Cal. 2012) (same). None of those cases specifically addressed the scope of discovery that is at issue in this case.

The only cases that Defendants cite that did address the discoverability of motive evidence—also out-of-district decisions—are materially distinguishable from the circumstances presented here. In *Parsons v. Jefferson-Pilot Corp.*, a case involving a shareholder proxy fight, the court specifically noted that a plaintiff's motive for suing is ordinarily irrelevant and not discoverable. 141 F.R.D. 408, 415 (M.D.N.C. 1992). But it allowed discovery into motive because the plaintiff put its motivation at issue by seeking extraordinary equitable relief that, because of the lawsuit's timing, could result in the plaintiff's "control of the defendant corporation[.]" *Id.* at 415–16. In *In re Marriott Int'l Customer Data Sec. Breach Litig.*, No. 19 and

2879, 2020 WL 6064589, at *10 (D. Md. Oct. 14, 2020), the court made clear that "[s]ince [the plaintiff] has put its motives in issue, discovery pertaining to those motives [to file the lawsuit] is appropriate," *id.* at *7, and discovery related to motive was also appropriate because the plaintiff was seeking wide-ranging equitable relief that would result in the plaintiff "exerting control over [the defendant's] operations and the creation of a 'monitoring fund.'" *Id.* at *10. Nothing in Defendants' arguments convinces the Court that Plaintiffs have placed their motives at issue or that the relief they seek is nearly as drastic as the relief sought in *Parsons* and *In re Marriott*. Those cases are not instructive.

For those reasons, the Court finds Defendants have not met their burden of showing that Plaintiffs' subjective motivations for filing suit are relevant to their laches defense. The circumstances of this case dictate that the parties focus discovery on Plaintiffs' actions, rather than their subjective motivations. On that note, certainly Defendants are entitled to discovery regarding when Plaintiffs knew of the alleged infringement and what Plaintiffs did afterwards; but discovery regarding Plaintiffs' subjective and strategic motivations for bringing this lawsuit go far afield of those two inquires. Therefore, Defendants' motion to compel discovery on this basis is **DENIED**.[3]

---

[3] Even assuming some limited relevance, the Court would ultimately conclude that the discovery sought is disproportionate to the needs of the case. The request would require Plaintiffs to search numerous custodians for documents concerning the initiation of this lawsuit—a subject that is likely to encompass substantial attorney-client communications and attorney work product. Although Defendants disclaim any intent to obtain privileged material, the practical effect of the requested discovery would almost certainly require extensive privilege review. Because the Third Circuit only requires two questions to determine whether a plaintiff can rebut the presumption of inexcusable delay—w*hat* did the plaintiff know, and *what* did the plaintiff do?—requiring Plaintiffs to also explain

**B. Attorneys' Fees Under Section 35(a) of the Lanham Act**

Next, the Court finds that discovery related to Plaintiffs' motivations for filing suit may be relevant to a claim for attorneys' fees brought pursuant to Section 35(a) of the Lanham Act; however, this discovery request is premature and more properly addressed at a later date. Of note, Section 35(a) of the Lanham Act makes clear that "in exceptional cases [courts] may award reasonable attorney fees to the *prevailing party*." 15 U.S.C. § 1117(a) (emphasis added); *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 279–80 (3d Cir. 2000).

"[A] district court may find a case 'exceptional,' and therefore award fees to *the prevailing party*, when (a) there is an unusual discrepancy in the merits of the positions taken by the parties or (b) the losing party has litigated the case in an 'unreasonable manner.'" *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 315 (3d Cir. 2014) (emphasis added) (citing *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 553–54 (2014)). If Defendants prevail and thereafter wish to pursue a claim for attorneys' fees under Section 35(a), they may renew their request for discovery tailored to such inquiry at that time, if necessary. However, at this juncture, the conclusion of this matter on the merits is far on the horizon.

---

"why" they filed the lawsuit is not necessary. *See Kars 4 Kids II*, 98 F.4th at 445. Rule 26(b)(1) requires courts to balance the likely benefit of discovery against its burden. Fed. R. Civ. P. 26(b)(1). Here, the likely burden substantially outweighs the limited probative value of the requested material.

For those reasons, Defendants' motion to compel Plaintiffs to respond to their Request for Production No. 34 based on their argument that Plaintiffs' subjective motivations are relevant to their potential claim for attorneys' fees is **DENIED WITHOUT PREJUDICE**.

HON. JOSÉ R. ALMONTE
UNITED STATES MAGISTRATE JUDGE

Orig: Clerk of Court
cc: Counsel of Record
The Honorable Evelyn Padin, U.S.D.J.